Matter of Attorneys in Violation of Judiciary Law § 468-a. (Yamamoto) (2019 NY Slip Op 07319)

Matter of Attorneys in Violation of Judiciary Law 468-a. (Yamamoto)

2019 NY Slip Op 07319

Decided on October 10, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2019

PM-158-19

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Chiharu Yamamoto, Respondent. (Attorney Registration No. 5116892.)

Calendar Date: September 16, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Chiharu Yamamoto, Tokyo, Japan, respondent pro se.

Respondent was admitted to practice in New York by this Court in 2013. She last listed a business address in Japan with the Office of Court Administration.
By May 2019 order, this Court suspended respondent from the practice of law for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations from 2015 onward (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1760 [2019]). In July 2019, respondent rectified her registration delinquency, and she now moves for her reinstatement. The Attorney Grievance Committee for the Third Judicial Department has identified numerous defects in respondent's motion papers, but nonetheless defers to our discretion in disposition of the motion.
In light of the length of her suspension, respondent has properly submitted a sworn form affidavit applicable to attorneys suspended for six months or less (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix D; § 1240.16 [d]); however, she has made critical errors therein. The form affidavits of Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 require in many instances that the affiant choose, among provided alternatives, the entry that is most applicable to his or her circumstance (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendices A-F). When an affiant fails to select an alternative and, with no modification, retains all the potential options in a given paragraph, it is as if no attestation in that paragraph has been made at all. Here, because of respondent's failure to choose between the available alternatives in several numbered paragraphs, we are unable to discern several facts that are important to her application.[FN1] Without proper attestations to the relevant facts, we cannot conclude that she has met her burden for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, her motion must be denied.
ORDERED that respondent's motion for reinstatement is denied.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.

Footnotes

Footnote 1: Notably, respondent has failed to inform this Court of what employment or business she has been engaged in since the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix D, ¶ 11), an error compounded by her failure to file the required affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix B; § 1240.15 [f]).